# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

JOE ANN GANDY                                                  PLAINTIFF

V.                                                        NO. 1:16CV172-SA-JMV

COMMISSIONER OF SOCIAL SECURITY                        DEFENDANT

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits, disabled widow's insurance benefits, and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held May 25, 2017, the court finds the ALJ's step two determination of no severe impairments is not supported by substantial evidence in the record. For example, the ALJ determined the claimant's diabetes was not severe, yet the record indicates state agency medical consultants–on whom the ALJ relied for her physical nonseverity findings–did not consider 2014 records which indicated possible chronic hyperglycemia.[1] Nor did state agency doctors consider the claimant's "moderate" obstructive sleep apnea. Moreover, the ALJ failed to

---

[1] Indeed, Dr. Madena Gibson determined the claimant's diabetes was "controlled."

fully develop the record with regard to Dr. Drumheller's assessment of "rule out mental retardation."  The court notes the Commissioner's own regulations, i.e., Listing 9.00 Endocrine Disorders,[2] indicate chronic hyperglycemia can affect other body systems, e.g., leading to "cognitive impairments, depression, and anxiety under [Listing] 12.00."

On remand, the ALJ shall reconsider all of the claimant's impairments.  This reconsideration shall include ordering a new comprehensive mental status evaluation which includes intelligence testing.  The examiner will be required to opine regarding the claimant's ability to meet the relevant mental demands for work activity.  Reconsideration shall also include a new physical consultative examination which requires the examiner to give an opinion on the claimant's ability to perform exertional work activity (function-by-function).  If necessary, the ALJ shall employ the help of a medical expert to assist with a determination of the claimant's condition during the relevant periods.  Finally, the ALJ shall conduct a new hearing and any further proceedings deemed necessary, but which are not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 30th day of May, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

[2] *See* 20 C.F.R. Part 404, Subpart P, Appendix 1.